UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NATHAN JOSEPH HOOD,<br><br>    Defendant. | No. 5:19-CR-027-H(01) |

### MEMORANDUM OPINION AND ORDER

Nathan Hood is serving a 189-month sentence for distributing methamphetamine. He has moved for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth below, his motion is denied.

**1.   The Offense Conduct**

Hood, now 33 years old, and a codefendant were named in an eight-count superseding indictment charging the pair with various methamphetamine and firearms-related offenses. The indictment sprung from a confidential source's tip to the DEA that Hood was moving pound quantities of methamphetamine in the Lubbock area. After a controlled purchase, law enforcement secured a warrant for the codefendant's home—a search uncovered a number of guns and a panoply of drugs. Another warrant was obtained, this time for Hood's home; that search revealed much the same as the first. The PSR held him accountable for more than 12,000 kilograms of converted drug weight. Dkt. No. 120-1 at 9; *see generally id* at 1–20. On September 6, 2019, the Court imposed a sentence of 189 months' imprisonment, in the middle of the Guidelines range of 168 to 210 months. Dkt. Nos. 134; 135. According to the BOP, Hood's expected release date is July 26, 2032.

2. **The Motion**

Hood moves under the First Step Act for a reduction in his sentence to time served or, alternatively, for a sentence of home confinement. Dkt. No. 158 at 3, 8, 9. The basis for his request is his asthma, which puts him at a higher risk of death or long-term consequences from COVID. *Id.* at 2, 5–8. But, as the attachment to Hood's motion demonstrates, he contracted and recovered from COVID in October 2020, several months before he filed the instant motion. *Id.* at 11.

3. **Governing Law**

District courts lack inherent authority to modify sentences. *See* 18 U.S.C. § 3582(c). Section 3582(c)(1)(A) confers that power in limited circumstances. As amended by the First Step Act of 2018, that Section provides that, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.

When deciding whether to modify a term of imprisonment, the Court must "consider[] the factors set forth in [S]ection 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). But "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under [Section] 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *see* USSG § 1B1.13 & notes thereto. Even if a defendant shows extraordinary and

compelling reasons, the Court can deny a motion for compassionate release based on the Section 3553(a) factors alone. *Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021)

4.  **Analysis**

Hood has properly exhausted his administrative remedies, *see* Dkt. No. 158 at 10–11, so the Court resolves the motion on the merits. The Court cannot order home confinement, so, to the extent the motion seeks such relief, it is denied.

Hood presents few reasons to support his request. The "overriding factors" under Section 3553 that the Court should consider in granting his request "is the COVID-19 pandemic and the serious risk it presents." But his concern about COVID is generalized and, given that he had successfully recovered from the disease before filing his motion, not well taken. Although he may suffer from asthma, that alone does not justify lopping roughly 10 years from his 15 year sentence. To be sure, successive infection is possible. That possibility, however, cannot outweigh the remaining 3553 factors: protection of the public (Hood is a medium risk of recidivism and violence, *id.* at 7), promoting respect for the law (this is not Hood's first methamphetamine offense—indeed, he committed his offense while on parole for a prior meth-distribution charge), and avoiding sentencing disparities. Beyond his COVID concerns, Hood gives little more to support his requests. That he has been a model inmate is laudable. *Id.* at 7. But, as Hood himself concedes, "this is expected of him." *Id.*

Hood's offense was a serious one, as reflected in the multiple counts against him and the Guidelines range. Moreover, Hood's plea agreement saved him five years—a 924(c) charge was dropped, which would have resulted in a mandatory 60-month sentence to run concurrently with any other sentence. The Court makes these observations to highlight the

propriety of the sentence imposed—not to indicate that the plea agreement was unduly favorable or the like. The factors set forth in Section 3553 lead the Court to conclude that a reduced sentence is not warranted here. The volume of methamphetamine and number of firearms involved in this offense—which is not Hood's first drug offense—demonstrate that reducing Hood's sentence by nearly 75%* would be incompatible with Congress's intent as expressed in Section 3553.

The Sentencing Guidelines and their commentary do not bind the Court when evaluating Hood's motion; here they merely bolster the Court's conclusion. *See* USSG § 1B1.13; *United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). A generalized fear of COVID like Hood's does not automatically entitle him to compassionate release. *Thompson*, 984 F.3d at 435. Moreover, at 32, Hood's age is not a compelling argument for releasing him. Hood says nothing about elderly or ailing relatives. The Court notes that he has one minor daughter. Unfortunately, many children are deprived of their parents by the parents' crimes. However upsetting that reality is, it is neither extraordinary nor compelling in Hood's case.

5. **Conclusion**

Because he has failed to demonstrate that the Section 3553(a) factors or extraordinary or compelling circumstances support reducing his fifteen-year sentence by nearly ten years, Hood is not entitled to compassionate release.

So ordered on August 12, 2022.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

* Hood has been in custody since January 14, 2019. As of August 8, 2022, hood had served 1,302 days in custody and had 3,640 days, or 73.6% of his total sentence, left to serve based on BOP's projected release date of July 26, 2032.